IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:17-cr-00066-HZ-8 |
| Plaintiff, | ORDER |
| v. | |
| ROYCE LAVELL JOHNSON, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

      Defendant Royce Lavell Johnson moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Government opposes Defendant's motion. Because Defendant has not demonstrated extraordinary and compelling reasons for his release and a

---

[1] The Government concedes that Defendant has satisfied the exhaustion requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A).

1 – OPINION & ORDER

reduction in his sentence is inconsistent with the sentencing factors outlined in § 3553(a), the Court denies Defendant's motion.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, --- F.3d ----, 2021 WL 1307884, at *2 (9th Cir. Apr. 8, 2021). However, with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i)  Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, --- F.3d. ----, 2021 WL 1307884, at *4. On a defendant's direct

2 – OPINION & ORDER

motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

Defendant's medical condition does not constitute an extraordinary and compelling reason to reduce his sentence. As a Black inmate, Defendant is understandably concerned about his potential exposure to COVID-19, a virus that thrives in crowded, confined spaces and has disproportionally impacted people of color.[2] Defendant is overweight, which elevates his risk of becoming seriously ill from COVID-19.[3] He also has a history of substance abuse and tested positive for COVID-19 in December 2020. However, Defendant is only 40 years old, younger than the higher-risk groups identified by the CDC.[4] And Defendant is currently serving his sentence at Safford FCI. As of April 23, 2021, Safford FCI had a prison population of 768 with no reported deaths due to COVID-19 and one inmate testing positive for COVID-19.[5] Given that Defendant's risk factors otherwise remain low and there are few active cases in his facility, Defendant's medical condition is not an extraordinary and compelling reason to reduce his sentence to time served.

Defendant also asserts that his family circumstances warrant release. Defendant's wife—the sole caregiver for their children—underwent surgery on April 7, 2021, for treatment of her

---

[2] *Health Equity Considerations and Racial and Ethnic Minority Groups*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html (last updated April 19, 2021).
[3] *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated March 29, 2021).
[4] *Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated April 16, 2021).
[5] Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last updated April 23, 2021). According to the BOP, 575 inmates at Safford FCI have recovered from COVID-19. *Id.*

chronic health conditions. She will be unable to work for two to three weeks to recover. *See* Def. Reply, ECF 554. But there is no evidence that—after this two- or three-week period—Defendant's wife will not be able to return to caregiving for their children, as she has been during the last year and a half of Defendant's sentence. Without more, Defendant's desire to assist with childcare does not justify compassionate release.

In addition, a reduction in Defendant's sentence is not warranted after considering the sentencing factors under 18 U.S.C. § 3553(a). On September 3, 2019, Defendant was sentenced to a 63-month period of imprisonment for possession with intent to distribute oxycodone, distribution of oxycodone, and conspiracy to launder drug proceeds. Even including a one-year reduction in Defendant's sentence for completion of RDAP, Defendant still has approximately 23 months remaining on his sentence. Though Defendant has a limited and non-violent criminal history, his underlying offense was serious. Defendant was involved in a multi-state oxycodone distribution ring, supplying thousands of oxycodone pills and laundering tens of thousands of dollars in drug proceeds. The 63-month sentence ordered by the Court was necessary to reflect the seriousness of the offense, promote respect for the law, deter criminal conduct, and to protect the public. As a result, the Court finds that compassionate release is not warranted.

///
///
///
///
///
///
///

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i) [462][536] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED: April 26, 2021.

MARCO A. HERNÁNDEZ
United States District Judge